**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

DONALD ROBERT ARNOTT,

        Plaintiff,

   v.

FCA, US LLC f/k/a Chrysler Group, LLC and
EAN Holdings, LLC

        Defendants.

Case No._____


# EXHIBIT A

# State Court Documents

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
)
COUNTY OF SPARTANBURG )

Donald Robert Arnott, )  C.A. No.: 2020-CP-42-_____
)
Plaintiff, )
)
vs. )  **SUMMONS**
)  (JURY TRIAL DEMANDED)
FCA, US LLC f/k/a Chrysler Group, LLC )
and EAN Holdings, LLC, )
)
Defendants. )
)

**TO:   THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy which is hereby served upon you, and to have a copy of your Answer to the Complaint served upon 1208 John B. White, Sr. Boulevard, P.O. Box 6364, Spartanburg, South Carolina 29304 within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint within that time, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

**RONALD H. COLVIN, P.A.**                **MOONEYHAM BERRY, LLC**


 s/Ronald H. Colvin                         s/Joe Mooneyham
Ronald H. Colvin, (S.C. Bar #1346)          Joe Mooneyham, SC Bar No.  004041
Post Office Box 6364                         Post Office Box 8259
Spartanburg, South Carolina 29304           Greenville, South Carolina  29604
(864) 587-6711 (Office)                      864.421.0036 Fax 864.421.9060
(864) 587-1744 (Facsimile)                   joe@mbllc.com
Ron@ronaldcolvinlaw.com


*Attorneys for Plaintiff*

Greenville, South Carolina

July 9, 2020

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

1

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

STATE OF SOUTH CAROLINA )
            ) IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG  )

Donald Robert Arnott,    ) C.A. No.: 2020-CP-42-_____
            )
      Plaintiff, )
            )
   vs.       ) **COMPLAINT**
            ) (Jury Trial Demanded)
FCA, US LLC f/k/a Chrysler Group, LLC )
and EAN Holdings, LLC,   )
            )
      Defendants. )
            )

Arnott, Donald Robert Arnott will respectfully show the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Arnott is a citizen and resident of the County of Spartanburg, State of South Carolina.

2. Defendant FCA US LLC f/k/a Chrysler Group LLC ("FCA") is a Delaware corporation doing business in South Carolina, and in Spartanburg County. FCA was and is engaged in the business of manufacturing, designing, testing, inspecting, distributing and selling motor vehicles in the United States and in Spartanburg County, South Carolina, including the 2018 Chrysler Pacifica Van which is the subject of this action.

3. Defendant EAN Holdings, LLC ("EAN") is a Delaware corporation doing business in this state, and Spartanburg County. EAN is a rental car agency who rented the 2018 Chrysler Pacifica Van in question to Kellie Elizabeth Caples.

4. This Court has jurisdiction of the parties and subject matter of this action pursuant to S.C. Code, Ann., §36-2-803(1)(a),(b) and (h), the South Carolina "long arm statute."

5. Venue is proper in this county pursuant to S.C. Code, Ann., §15-7-30

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

## FACTS

6.     On or about October 21, 2018, Jared Caples, a citizen and resident of Cullman, Alabama, was driving a 2018 Chrysler Pacifica Van ("Van"), VIN 2C4RC1BG2KR560433, that had been rented in Birmingham, Alabama on October 18, 2018, by Kelly Elizabeth Caples from the Defendant EAN Holdings, LLC, with less than 10 miles on it at the time the vehicle was rented.

7.     While traveling south in Spartanburg County, on I-85, near the 221 bridge, Caples suddenly and without warning lost mechanical and electrical power.  The van stopped in the roadway, totally disabled.

8.     This area of I-85 was a construction zone and concrete barriers were on each side of the road preventing Caples from accessing the emergency lane which left Caples' vehicle in Arnott's lane of travel.

9.     At about the time the van became disabled, Arnott was driving his 1993 Chevrolet pickup truck, also traveling south, on I-85 in Spartanburg County.  The disabled vehicle was not visible to Arnott as he approached the 221 overpass.  Arnott saw the Caples' vehicle in his lane of travel approximately forty (40) yards ahead of him once he drove under the 221 overpass, traveling at an approximate rate of speed of fifty (50) miles per hour, with other vehicles traveling behind and beside his vehicle.

10.     As there were no brake lights or hazard lights illuminated on the van to warn other motorists that the vehicle had stopped in the roadway or had mechanical problems.  Arnott was not made aware that the van was stopped and disabled.  As a result, he struck the van and was severely injured.

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

11.    As a proximate result of the collision, Arnott has incurred medical expenses, has lost wages and the opportunity for additional future income, has endured physical pain, has been emotionally damaged, has suffered temporary and permanent impairment of function, and has lost enjoyment of life

## FOR A FIRST CAUSE OF ACTION
### (STRICT LIABLITY IN TORT)

12.    Arnott repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

13.    Arnott alleges that at the time and place in question, the defendants were the "sellers" of the 2018 Chrysler Pacifica Van ("Van"), VIN 2C4RC1BG2KR560433, having designed, manufactured and distributed it for sale and use.

14.    Arnott further alleges that at the time and place in question, the defendants caused the defective van to be distributed and placed "into the stream of commerce."

15.    Arnott alleges that the van was in a defective condition, and made unreasonably dangerous thereby, at the time it failed both mechanically and electronically, becoming disabled, which failure caused his injuries.

16.    Arnott alleges that the van was made unreasonably dangerous by some defect in its design or manufacture, which defect existed at the time the defendants placed it into the stream of commerce.

17.    Arnott alleges the Caples were, at the time of his injuries, members of that class of persons contemplated by the defendants as users of the van, and further, that their use of the van was appropriate and foreseeable to the defendants at the time the van became disabled.

4

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

18.     Arnott alleges that the van was expected to reach the Caples, as the ultimate user, in substantially the condition it was in when it was placed in the stream of commerce by the defendants.

19.     Arnott alleges that the van did in fact reach the Caples in substantially the condition it was in at the time it was distributed by the defendants.

20.     As a proximate result of the defective and unreasonably dangerous condition of the van Arnott suffered the injuries and damages alleged above.

21.     Pursuant to S.C. Code Ann., §15-73-10, Arnott alleges the defendants are strictly liable to him, for actual damages.

## FOR A SECOND CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

22.     Arnott repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

23.     Arnott alleges that the defendants were the sellers of the van in question, which van was defective and caused his injuries.

24.     Arnott alleges that at the time of sale, and continuing, the defendants did expressly warrant the safety and efficacy of the van, by their use of advertisements and the like, and moreover, did expressly warrant the safety and efficacy of the van for the use to which it was put by their use of various diagrams, pictographs, videos and instructions, all of which indicated that the van was safe and appropriate for the use to which it was put by the Caples.

25.     Arnott alleges that notwithstanding the express warranties made to the Caples, the van was unsafe, defective, and unreasonably dangerous, and did not conform to the descriptions and requirements set forth in the defendants' warranties.

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

26.    Arnott alleges that the van's failure to conform to the defendants' express warranties led to its failure, and therefore proximately caused his damages.

27.    Arnott alleges the defendants are liable to him pursuant to S.C. Code Ann., §36-2-313, for actual damages for their breach of express warranty.

### FOR A THIRD CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY--MERCHANTABILITY)

28.    Arnott repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

29.    Arnott alleges that at the time of the sale and distribution of the van in question, the defendants were merchants in the sale of Chrysler Pacifica Vans, as contemplated by S.C. Code Ann., §36-2-314.

30.    Arnott alleges that as merchants, the defendants impliedly warranted that the van in question was merchantable, i.e., that it was of ordinary quality, etc., as contemplated in S.C. Code Ann., §36-2-314, and that the implied warranty of merchantability ran to the benefit of Arnott at the time of his injuries.

31.    Arnott alleges that the van in question was not merchantable at the time it was delivered to the Caples, nor at the time it failed, in that it was defective in design and/or manufacture, and that such defects rendered it unfit for the ordinary purposes for which such vans are used.

32.    Arnott alleges that the van's unmerchantable condition constituted a breach of the implied warranty of merchantability created by the manufacture, sale and distribution of the van by the defendants, which breach was the proximate cause of Arnott's injuries and damages.

33.    Arnott alleges the defendants are liable to him, pursuant to S.C. Code Ann., §36-2-314, for actual damages for their breach of implied warranty.

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

## FOR A FOURTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY—PARTICULAR PURPOSE)

34.     Arnott repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

35.     Arnott alleges that the defendants, by reason of their expertise, skill and judgment, were at the time of its sale of the van in question in a position of superior knowledge as to the suitability of their products for use for various particular purposes and applications.

36.     Arnott alleges that the defendants through its advertisements and the like, made those particular purposes known to consumers and buyers such as the Caples, and impliedly warranted that the van in question was safe for those particular purposes, as contemplated by S.C. Code Ann., §36-2-315.

37.     Arnott alleges that the defendants knew, or should have known, that consumers such as the Caples were relying on their superior skill and judgment when they purchased and/or leased such vans for use for particular purposes.

38.     Arnott alleges that at the time and place of his injury, the Caples had in fact relied on the defendants' implied warranty of fitness for the particular purpose to which the van had been put.

39.     Arnott alleges that the defective and unreasonably dangerous condition of the van in question constituted its unsuitability and unfitness for the particular use to which it had been put at the time of his injury, and such unsuitability and unfitness constituted a breach of the implied warranty of fitness for that particular purpose.

40.     Arnott alleges the defendants are liable to him pursuant to S.C. Code Ann., §36-2-315 for actual damages for breach of implied warranty.

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

## FOR A FIFTH CAUSE OF ACTION
### (NEGLIGENCE as to DEFENDANT FCA)

41.     Arnott repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

42.     Arnott alleges, on information and belief, that the defective condition which existed in the van at the time it failed included, but was not limited to, an electrical and transmission system that was inadequately designed and constructed, causing the van to stall or lose power without warning.

43.     Defendant FCA had a legal duty to design, inspect, test, manufacture and assemble the transmission system and the electrical system in the van in order to avoid an unreasonable risk of physical harm to owners, users and occupants of such vehicles as well as to other drivers or pedestrians.

44.     Defendant FCA's breach of these duties would constitute negligence, and in some cases recklessness.

45.     Defendant FCA breached its duties in this case in that it under-designed the van's transmission and electrical system, failed to discover the likelihood of mechanical or electrical failure through a lack of presale testing, assembled the systems outside the tolerances specified in the plans or in accordance with industry standards, and failed to recall the van or warn end users of the defects inherent in the van after post-sale failures became known.

46.     Defendant FCA's negligence proximately caused the injuries and damages sustained Arnott, as set forth herein.

47.     Arnott is informed and believes he is entitled to judgment against Defendant FCA for actual and punitive damages.

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

## FOR A SIXTH CAUSE OF ACTION
### (NEGLIGENCE as to DEFENDANT EAN)

48.     Arnott repeats the allegations of the preceding paragraphs of his complaint as if repeated here verbatim.

49.     Defendant EAN had a duty to inspect and otherwise ensure that it leased only reasonably safe vehicles to the driving public at the time it leased the van in question to the Caples.

50.     Despite its duty to ensure that it leased only reasonably safe vehicles, Defendant EAN failed to determine, through inspection, investigation, or otherwise, that the van in question posed and unreasonable risk of mechanical failure.

51.     Despite its duty to ensure that it leased only reasonably safe vehicles, Defendant EAN failure to remove the van in question from rental availability.

52.     Despite its duty to ensure that it leased on reasonably safe vehicles, Defendant EAN leased the van in question to the Caples.

53.     Arnott alleges on information and belief that Defendant EAN leased the van in question to the Caples despite the existence of reports of mechanical failure in other similar makes and models of vans in its rental fleet or otherwise.

54.     Further, Defendant EAN had a duty to perform reasonable inspections and routine maintenance on the van in question prior to leasing.

55     Arnott is informed and believes that EAN failed to perform inspections or maintenance, as such would have revealed the mechanical and electrical faults and risk of failure that ultimately caused the van in question to stall in the roadway and to become disabled.

56.    Defendant EAN's failure to discover the defect in question, failure to warn the Caples, and failure to remove the van from service, and Defendant EAN's leasing of the van in question would constitute negligence and in some cases recklessness.

57.    As a proximate result of Defendant EAN's negligent and reckless acts and omissions, Arnott suffered the injuries alleged above.

58.    Arnott is informed and believes that he is entitled to judgment against Defendant EAN for actual and punitive damages.

59.    Arnott is further informed and believes that the acts and omissions of the defendants all combined and concurred to cause his injuries, for which the defendants are jointly liable.

**WHEREFORE,** Arnott demands judgment against the defendants on each of his causes of action as follows:

a)    Compensatory or actual damages to Arnott for past and future damages, including but not limited to pain and suffering, health care costs, medical monitoring, lost wages, and loss of function, together with interest and costs as provided by law;

b)    Punitive and/or exemplary damages in an amount sufficient to punish the defendants and deter future similar conduct;

c)    The costs of these proceedings; and

d)    Such other and further relief as this Court deems just and proper.

{Signature Page to Follow}

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

**RONALD H. COLVIN, P.A.**

s/Ronald H. Colvin
Ronald H. Colvin, (S.C. Bar #1346)
Post Office Box 6364
Spartanburg, South Carolina 29304
(864) 587-6711 (Office)
(864) 587-1744 (Facsimile)
Ron@ronaldcolvinlaw.com

*Attorneys for Plaintiff*

Greenville, South Carolina

July 9, 2020

**MOONEYHAM BERRY, LLC**

s/Joe Mooneyham
Joe Mooneyham, SC Bar No. 004041
Post Office Box 8259
Greenville, South Carolina 29604
864.421.0036 Fax 864.421.9060
joe@mbllc.com

ELECTRONICALLY FILED - 2020 Jul 09 3:41 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

STATE OF SOUTH CAROLINA    )
                                  )    IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG      )

Donald Robert Arnott,          )    C.A. No.: 2020-CP-42-_____
                                  )
             Plaintiff,   )
                                  )
         vs.            )    **JURY TRIAL DEMAND**
                                  )
FCA, US LLC f/k/a Chrysler Group, LLC  )
and EAN Holdings, LLC,        )
                                  )
             Defendants.  )
                                  )

       Pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure, Donald Robert

Arnott, by his undersigned attorney, demands a jury trial on all issues set forth in this cause as the

Court deems just and proper.

Respectfully submitted,

**RONALD H. COLVIN, P.A.**         **MOONEYHAM BERRY, LLC**

 s/Ronald H. Colvin              s/Joe Mooneyham
Ronald H. Colvin, (S.C. Bar #1346)     Joe Mooneyham, SC Bar No.  004041
Post Office Box 6364              Post Office Box 8259
Spartanburg, South Carolina 29304     Greenville, South Carolina  29604
(864) 587-6711 (Office)           864.421.0036 Fax 864.421.9060
(864) 587-1744 (Facsimile)        joe@mbllc.com
Ron@ronaldcolvinlaw.com

*Attorneys for Plaintiff*

Greenville, South Carolina

July 9, 2020

ELECTRONICALLY FILED - 2020 Jul 27 3:07 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS

COUNTY OF SPARTANBURG )

Donald Robert Arnott, )

        Plaintiff, )    C.A. No.: 2020-CP-42-02167

vs. )

                      **AFFIDAVIT OF SERVICE**

FCA, US LLC f/k/a Chrysler Group LLC )           **AS TO**

and EAN Holdings, LLC, )       **EAN HOLDINGS, LLC**

        Defendants. )

 

BELINDA H. BYERS, being duly sworn, deposes and states of her own personal

knowledge:

    1.    I am a paralegal who works for the attorney, Ronald H. Colvin, for the Plaintiff in

        the above-captioned action.

    2.    On or about July 10, 2020, I did deposit in the United States mail in Spartanburg,

        South Carolina, a Summons and Complaint addressed to EAN Holdings, LLC, CT

        Corporation, Registered Agent, 2 Office Park Court, Suite 103, Columbia, SC

        29223.  Return receipt for proof of service was also requested pursuant to SC §

        15-9-350.

    3.    I received the return receipted dated July 13, 2020, evidencing service.  A Copy of

        the return receipt and Certified Mail Receipt are attached to this Affidavit and

        identified as Exhibit "A".

Affiant Further Sayeth Naught.

                                _Belinda H. Byers_

                                  Belinda H. Byers

SWORN and subscribed before

me this 27th day of July, 2020.



_Cherese A. Kennedy_ (SEAL)

Notary Public for South Carolina

My Commission Expires: 2/27/27

ELECTRONICALLY FILED - 2020 Jul 27 3:07 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4202167

# EXHIBIT "A"





SE#2020CP4202167