IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Donald Robert Arnott, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:20-03747-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| FCA, US LLC f/k/a Chrysler Group, LLC | ) | |
| and EAN Holdings, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant EAN Holdings, LLC ("EAN") motion to dismiss Plaintiff Donald Robert Arnott's ("Arnott") strict liability and negligence claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court denies EAN's motion to dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, on October 21, 2018, Jared Caples was driving a 2018 Chrysler Pacifica van ("rental car") south on I-85 in Spartanburg County, South Carolina, which had been rented three days earlier from an EAN rental car agency in Birmingham, Alabama. (Compl. ¶ 6, ECF No. 1-1.) The rental car was new, with fewer than 10 miles on its odometer. (Id., ECF No. 1-1.) While driving, the rental car suddenly lost power and stopped on the highway. (Id. ¶ 7, ECF No. 1-1.) Concrete barriers blocked the highway shoulder, and the rental car was stopped on the open highway. (Id. ¶ 8, ECF No. 1-1.) The vehicle Arnott was driving collided with the rear of the rental car, injuring Arnott. (Id. ¶ 10, ECF No. 1-1.) Arnott

1

sued Defendants alleging claims for strict liability, breach of warranty, and negligence. On November 2, 2020, EAN filed a motion to dismiss Arnott's strict liability and negligence claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Mot. Dismiss, ECF No. 5.) Arnott filed a response in opposition on November 16, 2020. (Resp., ECF No. 10.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Strict Liability and Negligence

S.C. Code Ann. § 15-73-10, South Carolina's strict liability statute, provides that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer . . . is subject to liability for physical harm caused to the ultimate user or consumer. . . ." S.C. Code Ann. § 15–73–10 (2005). "This section imposes strict liability upon the manufacturer and seller of a product for an injury to any 'user or consumer' if the product reaches the user or consumer without substantial change in the condition in which it is sold." Lawing v. Univar, USA, Inc., 781 S.E.2d 548, 554 (S.C. 2015). Under both causes of action for negligence and strict liability, Arnott must show that "(1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) that the product at the time of the accident was in essentially the same condition as when it left the hand of the defendant." Bragg v. Hi-Ranger, Inc., 462 S.E.2d 321, 326 (S.C. Ct. App. 1995). "However, under a negligence theory, the plaintiff bears the additional burden of demonstrating the defendant . . . failed to exercise due care in some respect, and, unlike strict liability, the focus is on the conduct of the seller or manufacturer, and liability is determined according to fault." Id.

EAN argues that the strict liability and negligence claims should be dismissed because "(1) a rental car agency cannot be held strictly liable based on its ownership of a rental vehicle,

3

which is the premise of plaintiff's strict liability claims against EAN Holdings, and (2) a rental car agency does not owe either a duty to discover a hidden defect in a vehicle or a duty to maintain a brand new vehicle." (EAN Mot. Dismiss 3, ECF No. 5.)

With respect to the strict liability claim, EAN alleges that, as a rental agency, it is not a seller of the vehicle and did not design or manufacture the vehicle. Arnott alleges that EAN as a renter of the vehicle was a "seller" for purposes of the strict liability claim. (Compl. ¶ 13, ECF No. 1-1.) "Generally, a rental agency renting out a defective motor vehicle is liable to a person renting such vehicle who is injured as a result of a defect." 61A C.J.S. Motor Vehicles § 1895. Further, the case law cited by EAN involve cases at the summary judgment stage. See Baughman v. Gen. Motors Corp., 627 F. Supp. 871 (D.S.C. 1985); Ryan v. Eli Lilly & Co., 514 F. Supp. 1004 (D.S.C. 1981); Marchant v. Mitchell Distributing Co., 240 S.E.2d 511 (S.C. 1977). At this early stage of the litigation, the court finds that Arnott has sufficiently alleged the elements of a strict liability claim against EAN.

Likewise, with respect to the negligence claim, Arnott alleges that EAN had a duty to perform inspections and routine maintenance on the vehicle that would have revealed the defect in the vehicle. (Compl. ¶¶ 49-50, ECF No. 1-1.); see e.g., Hudson v. Drive It Yourself, Inc., 73 S.E.2d 4, 5 (N.C. 1952) ("It is breach of the bailor's duty to let out an automobile for hire for use on the highway with materially defective brakes when he is aware or by the exercise of due care by reasonable inspection should have known of such defective condition."). Again, at this early stage of the litigation, the court finds that Arnott has sufficiently alleged a claim for negligence against EAN. It is therefore

**ORDERED** that EAN's motion to dismiss, docket number 5, is denied.

**IT IS SO ORDERED**.

>                                     s/Henry M. Herlong, Jr.
>                                     Senior United States District Judge

Greenville, South Carolina
November 24, 2020